UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIO J. EARL,

                 Petitioner,

v.

UNITED STATES OF AMERICA,

                 Respondent.

Case No. C11-0095-JLR-JPD
(CR09-0006-JLR)

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Mario Earl is a federal prisoner who is currently confined at the Federal Correctional Institution in Butner, North Carolina. He has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed upon him following his 2009 conviction on charges of conspiracy to distribute marijuana and possession of ammunition by a convicted felon. The government has filed an answer to petitioner's motion and petitioner has filed a response to the government's answer. After careful consideration of petitioner's motion, the briefing of the parties, and the balance of the record, this Court concludes that petitioner's § 2255 motion should be denied.

## BACKGROUND

On January 7, 2009, a grand jury in this district returned an indictment charging petitioner and three co-defendants with one count of conspiracy to distribute marijuana, two counts of distribution of marijuana, and one count of possession of marijuana with intent to distribute. (CR09-0006-JLR, Dkt. No. 1.) Petitioner was arrested on January 13, 2009, in Chicago, Illinois, and was subsequently removed to this district. (*See id.*, Dkt. No. 25 at 4 and 6.)

On February 5, 2009, a grand jury returned a superseding indictment charging petitioner and six co-defendants with one count of conspiracy to distribute marijuana (Count 1). (*Id.*, Dkt. No. 29.) Petitioner was also charged in the superseding indictment with three counts of distribution of marijuana (Counts 2, 3 and 4), one count of possession of marijuana with intent to distribute (Count 5), and one count of being a felon in possession of ammunition (Count 6). (*See id.*) On August 20, 2009, petitioner entered guilty pleas to Counts 1 and 6 of the superseding indictment. (*See id.*, Dkt. No. 141.)

Petitioner appeared before the Honorable James L. Robart, United States District Judge, for sentencing on January 11, 2010. (*See id.*, Dkt. No. 194.) In advance of sentencing, petitioner's counsel filed a sentencing memorandum in which he raised objections to the guideline calculation and the criminal history calculation set forth in the presentence report prepared by the United States Probation Office ("USPO"). (*See id.*, Dkt. No. 188.) Specifically, counsel objected to adding two points to petitioner's offense level for the specific offense characteristic of possession of a weapon during the course of the drug conspiracy. (*Id.*, Dkt. No. 188 at 1-2.) Counsel also objected to the addition of three points to petitioner's criminal history score for an April 1997 firearms offense. (*Id.*, Dkt. No. 188 at 2-4.) Petitioner's counsel

presented additional arguments on these issues at the sentencing hearing. Judge Robart overruled counsel's objections to the offense level and criminal history calculations, calculated a guideline range of 110 to 137 months, and imposed a custodial sentence of 102 months. (*See* CR09-0006-JLR, Dkt. No. 199 at 27-31.)

Petitioner now seeks relief from his sentence under § 2255. Petitioner identifies two grounds for relief in his § 2255 motion: (1) the sentencing court erred in adding three points to petitioner's criminal history score for a prior offense of unlawful possession of a firearm; and, (2) petitioner's counsel rendered ineffective assistance when he failed to challenge the sentencing court's enhancement of petitioner's sentence under § 2D1.1(b)(1). (*See* Dkt. No. 1, Memo. in Support at 4 and 8.)

## DISCUSSION

### Criminal History Calculation

Petitioner asserts in his first ground for relief that the sentencing court erred when it added three points to his criminal history score for a prior offense of unlawful possession of a firearm in the first degree.[1] The offense at issue was one of two firearms related incidents that occurred on different dates in 1997, but for which petitioner was sentenced at the same time. Judge Robart concluded that the two 1997 firearms offenses should be counted separately for purposes of calculating petitioner's criminal history score. (*See* CR09-0006-JLR, Dkt. No. 199 at 27.) Petitioner argues that the court erred in counting the offenses separately under U.S.S.G.

---

[1] These three additional points increased petitioner's criminal history category from III to IV.

REPORT AND RECOMMENDATION
PAGE - 3

§ 4A1.2(a)(2) because he was never arrested for the first offense, he merely received a citation following a traffic stop. The government argues that this claim is barred by the terms of petitioner's plea agreement.

As a part of the plea agreement entered into between petitioner and the government, petitioner agreed to waive his right to appeal his sentence so long as the court imposed a custodial sentence that was within or below the guideline range. (*See* CR09-0006, Dkt. No. 143 at 9-10.) Petitioner also agreed to waive his right to bring a collateral attack against his conviction and sentence, except as any such an attack may relate to the effectiveness of the legal representation he received. (*See id.*) Such waivers are generally enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Petitioner does not argue in his § 2255 motion, or in his response to the government's answer, that the waivers contained in his plea agreement are unenforceable. Because Judge Robart imposed a custodial sentence below the guideline range, petitioner's challenge to his criminal history calculation is barred by the terms of his plea agreement.

## Ineffective Assistance of Counsel

Petitioner asserts in his second ground for relief that his counsel rendered ineffective assistance when he failed to challenge the enhancement of petitioner's sentence under U.S.S.G. § 2D1.1(b)(1). Section 2D1.1(b)(1) provides that if a dangerous weapon was possessed during the commission of the drug offense for which the defendant was convicted, the offense level must by increased by two levels. The commentary to that section states that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3).

Petitioner identifies two specific complaints about the manner in which his counsel handled the issue of the § 2D1.1(b)(2) enhancement: (1) counsel withdrew his objection to the enhancement and, (2) counsel failed to bring to the sentencing court's attention Ninth Circuit precedent holding that in a conspiracy case, the enhancement under § 2D1.1(b)(1) applies only if the co-conspirator's possession of a firearm "was reasonably foreseeable and furthered jointly undertaken activity." *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004). The government argues that petitioner's ineffective assistance of counsel claim fails because his counsel did, in fact, object to the deadly weapon enhancement and, in any event, the enhancement was properly applied.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This right applies at trial and at sentencing. *Jones v. United States*, 783 F.2d 1477, 1482 (9th Cir. 1986). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 688, 691-92.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. The Ninth Circuit has made clear that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

REPORT AND RECOMMENDATION
PAGE - 5

time." *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. *Strickland*, 466 U.S. at 693.

The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Id*. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id*.

### 1. *Withdrawal of Objection to § 2D1.1(b)(1) Enhancement*

Petitioner claims that counsel improperly withdrew his objection to the enhancement of petitioner's sentence under § 2D1.1(b)(1). However, the record makes clear that petitioner's counsel did, in fact, object to the two-level increase for possession a firearm both in his sentencing memorandum and at the sentencing hearing itself. Counsel argued in the sentencing memorandum that a gun found at petitioner's Chicago residence in 2008 belonged to another individual, Joseph Moore, and that petitioner did not know it was there. (CR09-0006-JLR, Dkt. No. 188 at 1-2.) Counsel also noted that Mr. Moore was subsequently charged with possession of that weapon. (*Id*.)

At the sentencing hearing, counsel asserted that during the period of the alleged conspiracy, the only time petitioner had been involved with a weapon was when he was arrested in Chicago in 2008 by local officers, and officers located a weapon at petitioner's residence for which Joseph Moore took responsibility. (*See id*., Dkt. No. 199 at 13.) Counsel specifically argued that "it would be wrong to conclude that [Earl] was carrying weapons himself and that he used weapons at any point in time in connection with this conspiracy." (*Id*.) While counsel did

REPORT AND RECOMMENDATION
PAGE - 6

acknowledge at the sentencing hearing that the court was likely to impose the two points for possession of a weapon, it is simply not the case that counsel withdrew the objection.[2]

### 2. *Failure to Research and Present Relevant Precedent*

Petitioner also claims that his counsel failed to bring to the sentencing court's attention Ninth Circuit precedent which requires the sentencing court, particularly in conspiracy cases, to make an express finding that the defendant actually or constructively possessed a firearm, or that a co-conspirator's possession of a firearm "was reasonably foreseeable and furthered jointly undertaken activity," before enhancing the defendant's sentence under § 2D1.1(b)(1). *See Ortiz*, 362 F.3d at 1278.

As noted above, petitioner's counsel argued to the sentencing court that the only time petitioner had been involved with a weapon, during the course of the charged conspiracy, was when he was arrested in Chicago in 2008 and a weapon belonging to Joseph Moore was found in petitioner's residence. (*See* CR09-0006-JLR, Dkt. No. 199 at 13.) The government argued in response that while the defense had focused its argument regarding the weapon enhancement on the gun found at petitioner's Chicago residence, there was other evidence that petitioner was associated with guns. (*Id.*, Dkt. No. 199 at 18.)

Specifically, the government asserted that it had testimony from cooperating witnesses that petitioner was regularly armed. (*Id.*) The government also emphasized the fact that during the search of petitioner's Seattle residence, law enforcement found "lots of bullets," a box for a Glock handgun – the same make as the handgun found at petitioner's Chicago residence, and a

---

[2] Judge Robart made reference to the withdrawal of an objection at the sentencing hearing. However, it appears that the objection being referenced was one previously raised by petitioner's counsel to a leadership role enhancement requested by the USPO, not to the weapon enhancement. (*See* CR09-0006-JLR, Dkt. No. 188 at 2 and Dkt. No. 199 at 28-29.)

magazine for an assault rifle. (CR09-0006-JLR, Dkt. No. 199 at 18.) Finally, the government noted that the house in which all of these items were found "was the hub or a hub of the marijuana trafficking conspiracy." (*Id*., Dkt. No. 199 at 19.) After hearing the arguments of counsel, Judge Robart found that the two-level increase for possession of a dangerous weapon was appropriate, stating "I don't think you have boxes of ammunition and gun clips unless the people who are involved in your drug conspiracy feel the need to have weapons." (*See id*., Dkt. No. 199 at 28-29.)

Petitioner argues in these proceedings that the ammunition and gun magazine found in his home in Seattle were not sufficient to justify application of the weapon enhancement. He further argues that if counsel had pressed the sentencing court to make the specific findings required by Ninth Circuit precedent; *i.e.*, that petitioner actually or constructively possessed a weapon and/or that his co-conspirator's possession of a weapon was reasonably foreseeable, the two-level increase under § 2D1.1(b)(1) would not have been imposed. The record does not support this argument.

Petitioner pleaded guilty to conspiring with others, including Joseph Moore, to distribute marijuana in the Western District of Washington and in Chicago, Illinois. (*See id*., Dkt. Nos. 29, 141 and 143.) In a letter submitted to the court in advance of sentencing, petitioner stated that he knew Mr. Moore, who had substantial responsibility for the Chicago part of the distribution operation, owned and carried a weapon. (*Id*., Dkt. No. 188, Attachment 1.) A weapon, which Mr. Moore claimed responsibility for, was found in petitioner's Chicago residence in 2008 at a time when petitioner was present there.

Petitioner also pleaded guilty to knowingly possessing ammunition. (*See id*., Dkt. Nos. 29, 141 and 143.) The ammunition was found at petitioner's Seattle residence on January 13,

REPORT AND RECOMMENDATION
PAGE - 8

2009, along with distribution quantities of marijuana and a magazine for an assault rifle. (*See id.*, Dkt. No. 199 at 18.)

Petitioner's admissions to the court at his plea hearing and at sentencing, in combination with uncontested evidence regarding the weapons-related items found during the search of petitioner's Seattle residence, were sufficient to support the application of § 2D1.1(b)(1). Petitioner makes no showing in this collateral proceeding that his sentence would have been any different if counsel had pressed the sentencing court to make more specific findings under the Ninth Circuit authority cited by petitioner in his briefing. As petitioner has established neither deficient performance nor prejudice, petitioner's ineffective assistance of counsel claim must fail.

## Certificate of Appealability

A petitioner seeking relief from his sentence by way of a motion under § 2255 may appeal a district court's denial of his motion only after obtaining a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted by petitioner in his § 2255 motion.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's motion for relief

under § 2255 be denied and that this action be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of June, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge